In the Matter of Disciplinary Proceedings Against
Daniel F. Moran, Attorney at Law.

Supreme Court

*No. 83–1406–D. Filed June 26, 1984.*
(Also reported in 349 N.W.2d 699.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The referee in this disciplinary proceeding concluded that Daniel F. Moran neglected a legal matter, in violation of SCR 20.32(3), made misrepresentations to his client, in violation of SCR 20.04(4), and failed to respond to numerous written and telephone inquiries from the Board of Attorneys Professional Responsibility (Board) and the district professional responsibility committee as part of their investigation into a client's grievance and failed to furnish documents requested by the Board, in

violation of SCR 22.07(2). The referee recommended that Moran's license to practice law in Wisconsin be suspended for 60 days and that he file a petition for reinstatement at the end of that suspension period making specified representations, to which he and the Board had stipulated, concerning his use of or abstinence from alcohol, as well as steps he has taken toward alcoholism rehabilitation. We adopt the referee's findings of fact, to which the parties had stipulated, and his conclusions of law that Moran was guilty of unprofessional conduct. However, while we accept the referee's recommendation of a 60-day suspension of Moran's license as appropriate discipline, we do not accept the recommendation concerning a petition for reinstatement for the reason that there was no finding that Moran is medically incapacitated by alcoholism.

Moran, who was licensed to practice law in 1949 and who practices in Hartland, was retained in February of 1981 to commence a discrimination action against a client's former employer, for which the client paid Moran a $100 retainer. The client subsequently paid Moran an additional fee of $450, plus $65 to attend a seminar on the subject of discrimination against the handicapped. Moran subsequently represented to his client that he had been working with a Milwaukee attorney who had successfully represented a claimant in a case similar to his client's, one in which the court of appeals opinion was favorable, although it was not a published opinion. Moran further stated to his client that he was making good progress in preparing the case.

In fact, Moran never worked with or formally consulted the Milwaukee attorney in his client's matter, and the court of appeals decision to which he referred, a published opinion, was adverse to the claimant's position in that case. Despite the client's statements that time was of the essence in regard to his claim, specifying that the complaint should be ready to file by July 17, 1981, failing

which Moran should return the fees paid to that date and withdraw as counsel, Moran never filed a complaint on behalf of his client. After repeated unsuccessful attempts to contact Moran, the client met with him in September of 1981, at which time Moran told him that the other case to which he had referred had been decided against the claimant and that it was very unlikely that his own client's suit would be successful. The referee, the Honorable William C. Sachtjen, Reserve Judge, concluded that Moran's conduct in this matter constituted neglect, in violation of SCR 20.32(3), and misrepresentation, in violation of SCR 20.04(4).

In the course of the Board's investigation of this matter, Moran failed to respond to numerous written and telephone inquiries from the Board and the district professional responsibility committee and failed to furnish documents requested by the Board. The referee concluded that Moran's conduct violated SCR 22.07(2).

As an alternative cause of action in its complaint, the Board had alleged that Moran's conduct was related to and caused by his addiction to alcohol and that he is medically incapacitated as a result of that addiction. As to that cause of action the Board sought the suspension of Moran's license on the ground of medical incapacity. Although the alternative cause of action was withdrawn by stipulation, Moran admitted that his misconduct occurred at a time during which he was addicted to the use of alcohol, but he averred that since December of 1982, he has not consumed alcoholic beverages and has "actively and aggressively" participated in alcoholism rehabilitation. The referee specifically concluded that Moran's misconduct was "related" to his addiction to and use of alcoholic beverages.

We accept the recommendation of a 60-day suspension of Moran's license to practice law; however, as this proceeding concerns professional misconduct rather than

medical incapacity, we do not accept the recommendation that reinstatement of Moran's license be predicated on conditions related to his use of alcohol. We also reject the referee's recommendation that the costs of this proceeding to be assessed against Moran not exceed the sum of $1,000.

IT IS ORDERED that the license of Daniel F. Moran to practice law in Wisconsin is suspended for 60 days, commencing August 1, 1984.

IT IS FURTHER ORDERED that, within 60 days of the date of this order, Daniel F. Moran pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1202.94, provided that if the costs are not paid within the time specified, the license of Daniel F. Moran to practice law in Wisconsin shall be suspended until further order of the court.